29247. BENTON *v.* THE STATE.

DECIDED OCTOBER 22, 1941.

*Lester Dickson,* for plaintiff in error.
*F. E. Strickland, solicitor-general,* contra.

GARDNER, J. The defendant was convicted in the superior court for illegally possessing intoxicating liquors. He filed a motion for new trial based on the general grounds. The motion was denied, and he excepted. The State's evidence showed that the revenue officers, with a search warrant, visited the premises of the defendant while he was away, and procured from his sister-in-law a key to the smokehouse. On entering the smokehouse the officers seized and destroyed 135 gallons of tax-unpaid "white" liquor. It appeared that the defendant's wife was in the tuberculosis hospital at Alto at the time of the seizure. The revenue officer further testified that the defendant made the following statement to him: "I will have to plead guilty to it, but you know the fix my wife is in

at Alto and I don't want to have to appear in this court. I don't want to go to jail. I want to miss this court if you can get me over."

The defendant introduced no evidence, but made a statement in substance as follows: that he left home about three o'clock for Alto; that when he returned the same night he was told the officers had secured 135 gallons of liquor out of his smokehouse; that he procured a can of sausage out of the smokehouse before he left, to carry it to his wife, and that he left the smokehouse unlocked. He denied saying anything to the officer about pleading guilty; that he had wanted to go to see his wife before a warrant was sworn out.

The record does not reveal that the defendant at any time denied knowledge of the whisky in his smokehouse, or that it was not in his actual control, custody, and possession. Counsel for the defendant cites no authority for his position, and the principles of law involved are so elementary and the testimony so overwhelming that we deem the citation of authorities a needless consumption of space.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*